# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-31010
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2016

Lyle W. Cayce
Clerk

STACY MICHAEL MEAUX,

     Plaintiff–Appellant,

v.

UNITED STATES GOVERNMENT,

     Defendant–Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:15-CV-2165

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

     Pro se litigant Stacy Meaux appeals the district court's dismissal of his civil rights complaint, purportedly filed pursuant to 42 U.S.C. § 1983, for frivolity and failure to state a claim on which relief may be granted under 28 U.S.C. § 1915.  We affirm.

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-31010

Meaux's brief is convoluted and somewhat difficult to follow. He alleges that the "Federal Government" should be held responsible for a litany of alleged constitutional wrongs committed against him in the past twenty years by private individuals, corporations, and government agencies, including state, local, and federal authorities. Meaux claims that the Government has infringed his First, Second, Fourth, Sixth, Eighth, and Fourteenth Amendment rights. We address first the claims and corresponding arguments that we are able to discern from Meaux's brief.

Like the district court, we read Meaux's brief to request, in part, that this court invalidate prior state court judgments, specifically, a settlement in a personal injury suit instituted by Meaux and a child custody judgment. Under the *Rooker-Feldman* doctrine, this court lacks jurisdiction to entertain Meaux's collateral attacks on state judgments.[1]

Meaux also attacks the constitutionality of prior state criminal prosecutions and resulting convictions against him. Because Meaux's claims effectively challenge "the fact of his conviction," and thus "fall within the 'core' of habeas corpus," they are not cognizable under § 1983.[2]

The district court rejected Meaux's remaining claims as time-barred, explaining that Louisiana's one-year personal injury statute of limitations applies to § 1983 actions.[3] The district court attempted to glean the dates of accrual underlying Meaux's claims from the pleadings, despite Meaux's failure to provide precise dates. While we think the district court was likely correct

---

[1] *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1923).

[2] *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).

[3] *See Bourdais v. New Orleans City*, 485 F.3d 294, 298 (5th Cir. 2007) ("In § 1983 claims, the applicable statute of limitations is that which the state would apply in an analogous action in its courts. In accordance with applicable Louisiana law, we apply a one-year liberative prescriptive period to these claims." (citation omitted)).

No. 15-31010

in its determination that Meaux's claims were untimely, we decline to engage in such an undertaking.

Regardless, Meaux has failed to comply with Rule 28 of the Federal Rules of Appellate Procedure, which requires that an appellant's brief set forth "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."[4] While we liberally construe pro se briefs, litigants are still required to reasonably comply with the strictures of Rule 28.[5] Though Meaux purports to provide a table of authorities and statement of issues, his brief merely asserts causes of action untethered to legal authority or record support. Beyond his insistence that the "Federal Government has direct responsibility for correcting [his] situation," Meaux has not identified the "precise relief sought."[6] Moreover, Meaux's brief is primarily a restatement of the facts presented to the district court; he has failed to identify error relating to the district court's dismissal of his claims.[7] Consequently, we consider Meaux's remaining claims to be abandoned.[8]

The judgment of the district court is AFFIRMED.

---

[4] FED. R. APP. P. 28(a)(8)(A); *see also* FED. R. APP. P. 28(a)(6) (requiring "a concise statement of the case setting out the facts relevant to the issues submitted for review, describing the relevant procedural history, and identifying the rulings presented for review, with appropriate references to the record").

[5] *Longoria v. Dretke*, 507 F.3d 898, 901 (5th Cir. 2007) (per curiam); *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam).

[6] FED. R. APP. P. 28(a)(9).

[7] *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

[8] *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).